UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 26-576(DSD/LIB)

Hector V.,

        Petitioner,

v.

                                        **ORDER**

Pamela Bondi, Attorney General;
Kristi Noem, U.S. Department of
Homeland Security; Todd M.
Lyons, Acting Director of
Immigration and Customs
Enforcement; David Easterwood,
Acting Director, St. Paul Field
Office, Immigration and Customs
Enforcement,

        Respondents.

This matter is before the court upon the petition for writ of habeas corpus. Based on a review of the file, record, and proceedings herein, the court grants the petition.

Petitioner Hector V. is a citizen of Venezuela who has lived in Minnesota since December 2021. Pet. ¶ 17. He has a pending asylum application and does not have a final order of removal. Id. ¶ 18. Hector has been in respondents' custody since January 22, 2026. Id. ¶ 21.

Through his petition, brought under 28 U.S.C. § 2241, Hector challenges his detention and requests immediate release or an expedited bond hearing, as well as injunctive relief. The narrow issue presented is whether Hector is subject to 8 U.S.C.

§ 1225(b)(2), which mandates detention, or 8 U.S.C. § 1226, which is discretionary with respect to detention pending a bond hearing. Pet. ¶¶ 46-66. Hector argues that respondents have erroneously classified him as falling under § 1225(b)(2), which violates his Fifth Amendment right to due process, the Immigration and Nationality Act, 8 U.S.C. §§ 1225(b)(2) and 1226(a), and related regulations, and the Administrative Procedures Act, 5 U.S.C. § 706(2)(A). Id. ¶¶ 35-51.

The issue presented has been ruled on by many judges in this district and beyond. The great weight of authority persuasively holds that Hector and others in his circumstances have been improperly detained under § 1225(b)(2) and should be allowed the processes available under § 1226. See Elias C. v. Bondi, No. 26-cv-307, 2026 WL 145962 (D. Minn. Jan. 20, 2026) (collecting cases). Indeed, courts have overwhelmingly ruled that § 1225(b)(2) applies to applicants "seeking admission," and that § 1226 applies to "aliens already in the country." See id. The court agrees with such authority and will follow suit without additional discussion. The court is not persuaded that Hector's asylum application should yield a different result. See Yessenia S.T. v. Bondi, No. 26-cv-30, 2026 WL 102407 (D. Minn. Jan. 14, 2026).

Accordingly, **IT IS HEREBY ORDERED that t**he petition for writ of habeas corpus [ECF No. 1] is granted as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, under the discretionary provisions of 8 U.S.C. § 1226;

2. Respondents shall provide petitioner a bond hearing in accordance with 8 U.S.C. § 1226(a)(2)(A) within seven days of the date of this order;

3. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, petitioner must be immediately released from detention;

4. Respondents are enjoined from removing, transferring, or otherwise facilitating the removal of petitioner from the District of Minnesota before the bond hearing; and

5. Upon petitioner's release, respondents shall return to him any employment authorization documentation and any other identification documentation seized on his arrest.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: January 28, 2026        /s David S. Doty
                               David S. Doty, Judge
                               United Stated District Court